## JOSEPH T. REYNOLDS *v.* COMMISSION

Joseph T. Reynolds appeared *in propria persona.*

Walter J. Apley, Assistant Attorney General, represented the defendant.

Decision rendered for defendant March 25, 1969.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from an order of the tax commission which denied his claim for a veteran's exemption and his claim for a special farm use assessment for his property in Polk County.

In order to be entitled to a veteran's exemption each veteran is required by ORS 307.260 to file a claim therefor with the county assessor on or before April 1 of each year "except that when the property designated is acquired after March 20 the claim for that year shall be filed within 10 days after the date of acquisition. If the claim for any year is not filed within the time specified, the exemption shall not be allowed on the assessment roll of that year."

■ The plaintiff is not entitled to a veteran's exemption. He testified that he entered into the contract to purchase the property on April 29, 1968. He did not attempt to claim the exemption until May 13, 1968, which was more than 10 days after the date of

acquisition mentioned in the statute which expressly states that the claim must be disallowed if not filed within the specified time.

Plaintiff's second contention that he is entitled to special farm use assessment must also fail.

ORS 308.370 provides that land within a farm use zone *"and which is used exclusively for farm use* as defined in subsection (2) of ORS 215.203, shall be assessed at its true cash value for farm use and not at the true cash value it would have if applied to other than farm use." (Emphasis supplied.)

Subsection (2)(a) of ORS 215.203 defines farm use as:

> "* * * 'farm use' means the current employment of land for the purpose of obtaining a profit in money by raising, harvesting and selling crops or by the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof. * * *"

With certain exceptions not involved herein, subsection (b) of ORS 215.203 states:

> "* * * farm use land shall not be regarded as being used for the purpose of obtaining a profit in money if the whole parcel has not produced a gross income from farm uses of $500 per year for three of the five calendar years immediately preceding the assessment day of the tax year for which farm use is claimed by the owner or allowed by the assessor, notwithstanding that such land is included within the boundaries of a farm use zone. * * *"

Although the plaintiff's land is within a farm use zone, it was not used exclusively for farm use as required

by ORS 308.370 and did not meet the requirements contained in ORS 215.203 (2)(a) and (b), *supra*.

Plaintiff's land, consisting of ten acres located in the Polk County hills, was purchased in 1968 for $33,750. The land is fairly steep and approximately one acre consists of trees and brush. Plaintiff has approximately seven acres of pasture and about two acres surround his home and another smaller home. The seven acres of pasture are not irrigated but plaintiff contends he could do so by utilizing a pond and some springs. About ten cherry trees are growing on the hillside.

Plaintiff received no income from the property in 1968. However, he testified that he secured 100 jars of cherries from the cherry crop and cut 18 to 20 tons of hay from the pasture. Plaintiff had no stock on his place during 1968 and the land was not fenced.

Apparently the previous owner did not farm the land. His only farm activity consisted of keeping two horses in a corral and cutting the grass on the pasture which was exchanged for the cutting during two of the three previous years.

The evidence fails to show that plaintiff's ten acres were used exclusively for farm use as required by ORS 308.370 and it was not used for the purpose of obtaining a profit in money as mentioned in ORS 215.203(2)(a). Furthermore, the evidence also failed to show that the land had produced a gross income from farm uses of $500 per year for three of the five calendar years preceding January 1, 1968.

The order of the tax commission is affirmed and the fair market value of plaintiff's property is $30,450, the value found by the County Assessor and the Polk County Board of Equalization for the tax year 1968-1969.